# Whether a State May Elect Its United States Senators From Single-Member Districts Rather Than At-Large

Under the Seventeenth Amendment to the Constitution, a State may not constitutionally elect its United States Senators from two single-member districts rather than at large.

August 20, 1992

MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

The National Association for the Advancement of Colored People, Inc., ("NAACP") has filed suit challenging the method by which Mississippi selects its Senators. The NAACP claims that Mississippi has violated the Voting Rights Act of 1965, as amended, 42 U.S.C. §§ 1971-1974e, and the 14th and 15th Amendments to the Constitution, by electing its Senators at-large, rather than from two single-member districts. You have asked for our views on the issue of whether a State constitutionally may elect its Senators from single-member districts, rather than at-large. We conclude that it may not.

The analysis begins with the text of the Seventeenth Amendment, which provides that "[t]he Senate of the United States shall be composed of two Senators from each State, elected by the people thereof." U.S. Const. amend. 17. Because States of the Union are distinct, unitary political entities, in order for a Senator to be from a State he or she must be from the entire State, not some part of it. Similarly, because of the nature of the States, election by "the people" of the State implies election by the whole people of the State, not some smaller set of citizens. The election of Senators from smaller districts instead of the entire State would result in Senators elected by only a *part* of the people of a State. Such a plan would be inconsistent with the Constitution's text.[1]

---

[1] This conclusion is fully consistent with the Constitution's provision concerning the election of Representatives, which also refers to election by the people, stating that the "House of Representatives shall be composed of Members chosen every second Year *by the People of the several States.*" U.S. Const. art. I, § 2, cl. 1 (emphasis added). This formulation was adopted by the Constitution's original framers to make clear that the lower house of Congress was to be elected proportionally by popular vote. *See* The Federalist No. 39, at 254-55 (James Madison) (Jacob E. Cooke ed. 1961). Representatives, therefore, represent people. Although it requires popular election, Article I, Section 2 for this reason need

Continued

The history of the Seventeenth Amendment confirms that Senators are to be selected by the people of the whole State. The report accompanying S.J. Res. 134, which eventually became the Seventeenth Amendment, explained that the character of the Senate as representative of the States would be enhanced by popular election because, henceforth, a Senator would be selected by all of the people of a State, instead of just the members of the State's legislature: "It might change his relations to certain interests and certain forces within the State, but if we are to suppose that a State consists of all the people and of all the interests, will he not still be its representative in every sense *when his election comes from all the people of his State?*" *Election of Senators by Popular Vote*, S. Rep. No. 961, 61st Cong., 3d Sess. 4-5 (1911) (emphasis added) ("Senate Report").

The Constitution elsewhere confirms that the role of Senators is to represent States considered as integral political units. As Madison explained, the bicameral structure of Congress reflects a decision to have one body in which the people are directly represented and one in which they are represented in their capacity as state citizens — *i.e.*, one in which the States are represented. "The Senate . . . will derive its powers from the States, as political and co-equal societies; and these will be represented on the principle of equality in the Senate, as they now are in the existing [Confederation] Congress." Federalist No. 39, *supra* note 1, at 255. His remarks were later echoed by Justice Joseph Story, who contrasted the Senate with the House of Representatives and wrote that: "[E]ach state in its political capacity is represented [in the Senate] upon a footing of perfect equality, like a congress of sovereigns, or ambassadors, or like an assembly of peers." Joseph Story, *Commentaries on the Constitution of the United States* § 352, at 252 (Carolina Academic Pr. ed. 1987).[2] Accordingly, Article I, Section 3 provided that: "The Senate of the United States shall be composed of two Senators from each State, chosen by the Legislature thereof . . . ." U.S. Const. art. I, § 3, cl. 1.

Article V of the Constitution also recognizes the role of Senators as representatives of their respective States. In creating a process of constitutional amendment, Article V both confirms that the Senate is a body representing States, and assures that it will continue as such. The provision describes the structure of the Senate as one of suffrage for the States, providing "that no State, without its Consent, shall be deprived of its equal Suffrage in the Senate." U.S. Const. art. V.

The Seventeenth Amendment did not change the fundamental character

---

[1] (....continued)
not and does not address the question of how the people are to choose Representatives, whether by districts, at-large, or otherwise. Senators, by contrast, represent States, and are elected, not by the people of the several States — that is, the people at large — but by the people of the States — that is, the people of each State in their separate capacities. It is therefore not surprising that the requirements of the Seventeenth Amendment for apportionment are different from those of Article I.

[2] *See also Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 551-53 (1985) (citations omitted) (States as such are represented in the Senate both to reflect and to protect their remaining sovereignty).

of the Senate. Indeed, as noted above, the framers of the Seventeenth Amendment maintained that the change they were proposing would make the Senate more representative of the States:

> It was undoubtedly in the minds of the fathers that the Senators should in a peculiar sense represent the State something as an ambassador. That idea naturally arose out of the fact that the States had been separate and independent sovereignties, and regarded each other to a great extent as wholly independent States. . . . This amendment does not propose in any way to interfere with the fundamental law save and except the method or mode of choosing the Senators. It will still be the duty of the Senator to see that the States respectively are not denied any of the rights to which they are justly entitled under our system of government. It will still be the duty and the pride of the Senator to see that the Commonwealth which he represents *in its entirety* has that full representation to which it is entitled under the fundamental law. The change will consist in bringing him more thoroughly in touch with all the interests and all that makes up a great State, and that is certainly desired.

*Senate Report*, at 4-5 (emphasis added).

If Senators were elected from districts smaller than States, and not by the whole people of each State, they would represent and be accountable only to parts of States, not to the States as the Constitution requires. Indeed, the Senate would cease to be a body representing the States, and would become an assembly, like the House of Representatives, representing individuals living in certain areas of a State. The Constitution would no longer be the one described in Article V, in which the States themselves enjoy suffrage in the Senate.

Finally, the election of Senators from districts would deprive the people of the States of their constitutional right to elect both of their State's Senators. The Supreme Court has recognized that the Constitution's popular election provisions vest constitutionally protected rights in the people. *United States v. Classic*, 313 U.S. 299, 314 (1941) (Article I, Section 2 creates a right in the people to choose their representatives).[3]

---

[3] *Classic* involved a federal prosecution under sections 19 and 20 of the federal criminal code (now codified at 18 U.S.C. §§ 241, 242), forbidding conspiracies to interfere with the enjoyment of rights secured by the Constitution, and the deprivation of such rights under color of state law. The defendants were indicted for willfully altering and falsifying ballots voters had cast in a Louisiana Democratic Party primary. In resolving the case, the Court was faced with the issue of "whether the right of qualified voters to vote in the Louisiana primary and to have their ballots counted is a right 'secured by the Constitution.'" *Id.* at 307. The Court concluded that it was.

The Seventeenth Amendment, then, grants to each State's qualified voters a constitutional right to participate in senatorial elections. At-large election of Senators is mandatory if that individual right is understood as either the right to participate in all senatorial elections or the right to vote for both Senators. It is difficult to see how it could be understood otherwise. The Seventeenth Amendment, which provides that each State shall have two Senators and that the people shall elect them, nowhere suggests that there is any difference between the two Senators, nor that the right of the people it creates attaches to anything other than the two Senators given to each State. In the absence of any indication to the contrary, the only conclusion is that there is no disjunction between the individual right established by the amendment and the two senatorial offices the amendment refers to. It follows that if Senators were elected from districts smaller than States, the people of the State would be deprived of their constitutionally protected right to vote for each of their State's Senators. This can be accomplished, if it is to be accomplished, only by an amendment to the Constitution.

TIMOTHY E. FLANIGAN
*Assistant Attorney General*
*Office of Legal Counsel*